UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL HENDERSON<br>2005 Antler Drive<br>Glen Mills, PA 19342<br>　　　　　Plaintiff, | :<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO.: |
| v. | :<br>: | |
| GUARDIAN LIFE INSURANCE COMPANY<br>10 Hudson Yards<br>New York, NY 10001<br>　　　　　Defendant. | :<br>:<br>:<br>:<br>: | |

## COMPLAINT

Plaintiff, Gail Henderson, hereby brings a civil action against Defendant, Guardian Life Insurance Company, based on the following:

## The Parties

1. Plaintiff, Gail Henderson (Henderson), an adult individual, is a citizen of the Commonwealth of Pennsylvania, who presently resides at 2005 Antler Drive, Glen Mills, PA 19342.

2. Defendant, Guardian Life Insurance Company (Guardian), is upon information and belief an insurance company licensed to do business in the Commonwealth of Pennsylvania. Upon information and belief, Guardian's principal mailing address for purposes of effectuating service of process is 10 Hudson Yards, New York, NY 10001.

3. At all times material hereto prior to Plaintiff's disability, she was employed by Mishimoto Automotive (Mishimoto), and pursuant to Plaintiff's employment with Mishimoto, she was eligible to receive long term disability benefits pursuant to the Mishimoto-sponsored Group Long Term Disability Plan ("The Plan").

4. This Court has jurisdiction pursuant to the Employment Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §1132(a).

5. Venue is proper in this matter pursuant to Title 28, United States Code, Section 1391(a), in that at all times material hereto, the Plaintiff was eligible for benefits pursuant to The Plan, and Plaintiff was employed within the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendant Guardian acted by and through its agents, servants, and employees who acted within the scope of their authority from Defendant.

## THE FACTS
## PLAINTIFF'S LONG TERM DISABILITY PLAN

7. The allegations in paragraphs 1 through 6 are incorporated herein by reference as if fully set forth herein.

8. Plaintiff was continuously employed as a Corporate Controller for Mishimoto through January 13, 2021.

9. At all material times hereto, Plaintiff has been eligible for benefits under Mishimoto's Group Long Term Disability Plan. The Plan provides for payment of 60% of an employee's salary in the event of disability. At the time of Plaintiff's disability, her gross monthly income was approximately $9,583.33, resulting in a monthly benefit amount of approximately $5,750.00. After offsets totaling $3,356.00 per month, Plaintiff's net monthly benefit amount is approximately $2,394.00.

10. Upon information and belief, the Policy provides in pertinent part as follows:

   Disability or Disabled:

   These terms mean that a current Sickness or injury causes impairment to such a degree that You are:

   1. Not able to perform, on a Full-Time basis, the major duties of Your Own Occupation during the Elimination Period and the Own Occupation period.

        2. Not able to perform, on a Full-Time basis, the major duties of any Gainful Work after the end of the Own Occupation period.

11. Said policy qualifies as an employee benefit plan under ERISA.

12. As set forth in greater detail below, at all material times hereto, since January 13, 2021, Plaintiff has suffered from severe residual effects secondary to, in part, long Covid-19.

### DEFENDANT'S ARBITRARY AND CAPRICIOUS TERMINATION AND DENIAL OF PLAINTIFF'S LONG TERM DISABILITY BENEFITS

13. The allegations in paragraphs 1 through 12 are incorporated herein by reference as if fully set forth herein.

14. As set forth in greater detail below, at all material times hereto, since January 13, 2021, Plaintiff has suffered from severe residual effects secondary to her conditions.

15. On or about July 1, 2021, Defendant denied Plaintiff's claim for LTD benefits.

16. On or about December 17, 2021, Plaintiff filed an appeal of Defendant's denial of benefits.

17. On or about July 13, 2022, Defendant issued a final decision, denying benefits.

18. Defendant arbitrarily and capriciously denied Plaintiff's claim for LTD benefits.

19. In accordance with the terms of the Policy, Henderson is eligible to receive monthly disability benefits until the earliest of the following dates: (1) July 2, 2043; or (2) the date upon which she fails to cooperate with the Defendant in the administration of the claim.

20. Because the Defendant was to have provided this employee benefit plan which is covered by ERISA, the Defendant is obligated to abide by the terms and conditions as stated in its own policy of coverage.

21. Under ERISA, the Defendant Guardian Life Insurance Company is bound to honor its own contract.

22.     Defendant has arbitrarily and capriciously failed and refused to abide by the terms and conditions as stated in its own policy.

**WHEREFORE**, Plaintiff Gail Henderson demands judgment against Defendant Guardian in the amount of 60% of Plaintiff's gross monthly salary, less applicable offsets, as per the express terms of the Policy, commencing as of April 15, 2021, and continuing thereon until the death of the Plaintiff or the cessation of Plaintiff's total disability, together with costs, interest, attorneys' fees and such other and further relief as this Court deems just and proper.

**Respectfully Submitted,**

**LAW OFFICE OF JAMIE R. HALL**

**DATED: 11/10/2022**           __/s/_____
**JAMIE R. HALL, ESQUIRE**
PA Atty. #207376
Law Office of Jamie R. Hall
110 E. State St., Ste. 12
Kennett Square, PA 19348
(P) (610)570-5253
(F) (215)853-3644
jhall@jrhlegal.com
Attorney for Plaintiff